**Albericci v Cohen Media Group, LLC**

2025 NY Slip Op 32212(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 159482/2024

Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **Hon. James E. d'Auguste**                    PART 55

*Justice*

-------------------------------------------------------------------X

CHRISTINE ALBERICCI,

                           Plaintiff,

              - v -

COHEN MEDIA GROUP, LLC,

                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159482/2024 |
| MOTION DATE | 12/19/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 were read on this motion to/for                DISMISS           .

Defendant, Cohen Media Group, LLC (Cohen Media) moves, pre-answer, for an order pursuant to CPLR 3211 (a) (1) and (7), dismissing plaintiff's verified complaint; or in the alternative, pursuant to CPLR 3212 for summary judgment dismissing plaintiff's verified complaint against it (NY St Cts Elec Filing [NYSCEF] Doc Nos. 10–14). Plaintiff opposes and cross–moves for discovery (NYSCEF Doc Nos. 17–18).

## Background

Plaintiff, Christine Albericci, commenced this negligence and personal injury action due to a slip and fall within a movie theater located at 130 Vervalan Street, Closter, NJ on July 14, 2023. Plaintiff claims that a defective condition on the premises, a puddle of liquid at the bottom of a ramp, caused her accident. Plaintiff alleges the movie theater is owned and operated by Landmark Theatres; and that Landmark Theatres is allegedly owned and operated by Cohen Media Group, LLC.

[* 1]

Standards of Law

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]).

On a motion pursuant to CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). "A paper will qualify as documentary evidence only if it satisfies the following criteria: (1) it is unambiguous; (2) it is of undisputed authenticity; and (3) its contents are essentially undeniable" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] [internal quotation marks and citation omitted]). Judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and other papers can qualify as "documentary evidence" for the purpose of CPLR 3211 (a) (1) (*see Karpovich v City of New York*, 162 AD3d 996, 997–998 [2d Dept 2018]; *Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432 [1st Dept 2014]).

"On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Pacific W., Inc. v E & A Restoration, Inc.*, 178 AD3d 834, 835 [2d Dept 2019]; *see Leon*, 84 NY2d at 87–88). When "evidentiary material is submitted . . . on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not

159482/2024  ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC
Motion No. 002

Page 2 of 8

whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Pacific W., Inc.,* 178 AD3d at 835; *see Leon,* 84 NY2d at 88).

A movant seeking summary judgment pursuant to CPLR 3212 in its favor "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The evidentiary proof tendered must be in admissible form (*see Friends of Animals v Assoc. Fur Manufacturers,* 46 NY2d 1065, 1067 [1979]). "This burden is a heavy one and on a motion for summary judgment, 'facts must be viewed in the light most favorable to the non-moving party'" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh,* 22 NY3d 470, 475 [2013] [citation omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (*De Lourdes Torres v Jones,* 26 NY3d 742, 763 [2016]). Once met, this burden shifts to the opposing party who must then demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

<u>Discussion</u>

Cohen Media moves for dismissal on the grounds that documentary evidence contradicts the allegations made by plaintiff and the complaint fails to state a claim. Plaintiff alleges that Cohen Media owned, operated, managed, maintained, and/or controlled the property where she slipped and fell, and its negligence caused her accident. Cohen Media argues that it did not owe the plaintiff a duty of care and cannot be held liable for negligence as it did not own, manage,

**159482/2024   ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC**                    Page 3 of 8
**Motion No. 002**

[* 3]                                3 of 8

lease, operate, control, occupy, maintain or otherwise have any responsibility or connection to the premises where plaintiff's alleged accident occurred.

In support of its motion, Cohen Media submitted the affirmation of Steven M. Cherniak, the Chief Operating Officer of Cohen Brothers Realty Corporation (NYSCEF Doc No. 12, Cherniak's aff). Attached to Cherniak's affirmation is a copy of the lease for 130 Vervalan Street, Closter, NJ dated July 28, 2022, which identifies the landlord as Closter Marketplace (EBA), LLC and the tenant as Landmark Closter LLC (*id.*, exhibit 1). Cherniak asserts that Landmark Closter LLC is a financially and legally separate entity from Cohen Media sharing the same ultimate beneficial owner (NYSCEF Doc No. 12, Cherniak's aff, ¶ 2). Cherniak denies that Cohen Media owns, leases, occupy, possess, operate, manage, maintain, repair, or control the property located at 130 Vervalan Street, Closter, NJ (*id.* at ¶ 5). In fact, Cohen Media denies any connection with the Landmark Theatres, the location where the incident occurred, identifying Landmark Closter LLC as the proper party against whom plaintiff can assert a cause of action (NYSCEF Doc No. 35).

In opposition, plaintiff submitted an affirmation from Valerie S. Farewell, an attorney licensed in the state of Texas attesting to the results of her research into the business ties between Cohen Media Group and Cohen Brothers Realty Corporation, Silver Cinemas Acquisition Co., Landmark Theatres, Landmark Closter, LLC, and Charles S. Cohen based on various website [news] articles (NYSCEF Doc No. 19, Farewell aff, ¶ 1, 3, 4). Plaintiff contends that Cohen Media is part of a conglomerate of entities related to Cohen Brothers Realty Corporation and that the two companies have a Chief Executive Officer in common, share the same business address, and is linked on the Cohen Media website (NYSCEF Doc No. 18 at 2, 3). She argues that Landmark Theatres was purchased by Cohen Media in 2018 and is still owned by it (*id.* at 7).

159482/2024  ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC          Page 4 of 8
Motion No.  002

4 of 8

It is fundamental that, to be held liable in tort, the alleged tortfeasor must have owed the injured party a duty of care (*see Medinas v MILT Holdings LLC*, 131 AD3d 121, 126 [1st Dept 2015]; *see also Forbes v Aaron,* 81 AD3d 876, 877 [2d Dept 2011]). Generally, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Gibbs v Port Auth. of N.Y.,* 17 AD3d 252, 254 [1st Dept 2005]; *see also Kydd v Daarta Realty Corp.,* 60 AD3d 997, 998 [2d Dept 2009]).

Defendant's motion to dismiss pursuant to CPLR 3211 (a) (1) fails as the documentary evidence here does not utterly refute plaintiff's factual allegations (*Nath v Chemtob Moss Forman & Beyda, LLP,* 231 AD3d 546, 547 [1st Dept 2024] [dismissal appropriate under CPLR 3211 [a] [1] when the documentary evidence "conclusively establish a defense to the asserted claims as a matter of law"] [citations omitted]). The lease agreement alone does not eliminate the possibility that Cohen Media has some relationship to the subject premises that could render it liable to plaintiff (*see Celentano v Boo Realty, LLC,* 160 AD3d 576, 577 [1st Dept 2018] [property deed and apartment lease insufficient documentary evidence in premise liability action to rebut allegations regarding management and maintenance of apartment]; *Wright v C.H. Martin of White Plains Rd., Inc.,* 23 AD3d 295, 296 [1st Dept 2005] [deeds insufficient documentary evidence in premise liability action to rebut allegations as to ownership]; *see also Henn v City of New York,* 164 AD3d 766, 767 [2d Dept 2018]). Plaintiff provides publicly available information indicating that Cohen Media has an ownership interest in the subject premises contradicting defendant's assertion that it does not own or control the subject premises (NYSCEF Doc No. 19 at ¶¶ 8, 10). Defendant further admits that there is a connection between the "Cohen-related entities" (NYSCEF Doc No. 35 at ¶¶ 13-14).

159482/2024  ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC
Motion No. 002

Page 5 of 8

Contrary to defendant's contention, the Cherniak affirmation also fails to establish conclusively that the plaintiff has no cause of action as the affirmation does not qualify as documentary evidence (*see Wright v City of New York*, 223 AD3d 547, 548 [1st Dept 2024] [manager's affidavit in support of pre-answer motion to dismiss did not constitute documentary evidence that conclusively established defense to plaintiff's complaint]; *Johnson v Asberry,* 190 AD3d 491, 492 [1st Dept 2021] [affidavit did not constitute documentary evidence that can support a 3211[a] [1] motion]; *Correa v Orient–Express Hotels, Inc.,* 84 AD3d 651, 651 [1st Dept 2011]). The Court declines to rely on the denials set forth in Cherniak's affirmation to resolve the issue of ownership as a matter of law (*see Flowers v 73rd Townhouse LLC*, 99 AD3d 431, 431 [1st Dept 2012] [rejecting factual affidavits as documentary evidence]). Cherniak's averments raise questions of fact and credibility that cannot be determined at this stage of the litigation.

Defendant also fails to meet its burden of establishing that the verified complaint does not adequately state a claim for negligence against it under CPLR 3211 (a) (7). Here, the defendant's evidentiary submissions in support of its motion fails to conclusively establish Cohen Media did not own or control the subject premises on the date plaintiff claims she was injured. The affirmation submitted in support of the motion contains contradictory statements that undermines its credibility and create factual ambiguities (*see Katsorhis v 718 W. Beech St., LLC*, 234 AD3d 744, 746-747 [2d Dept 2025] [motion to dismiss properly denied as to negligence cause of action as affidavit failed to establish that material fact alleged in complaint was not fact at all and that no significant dispute existed regarding it]). As plaintiff contends, discovery is necessary to ascertain the exact nature of the interrelationship among the various entities involved here (NYSCEF Doc No. 18 at 9). The responsibilities of the "Cohen-related entities" to the movie

[* 6]

theater have not yet been subject to discovery, and as demonstrated by the Cherniak affirmation, knowledge regarding the relationships and respective obligations among the various corporate entities lies exclusively within defendant's control, not the plaintiff's. Plaintiff must have an opportunity to conduct discovery to learn the extent of the relationship among the corporate entities (*see* CPLR 3211 [d]). Accordingly, Cohen Media has failed to present evidence to conclusively establish a lack of ownership and control.

The Court denies Cohen Media's alternative request to consider its pre-answer motion for summary judgment, pursuant to CPLR 3212 (*see Alfani v Rivercross Tenants Corp.*, 185 AD3d 493, 493 [1st Dept 2020]; *Ferrera v City of New York*, 164 AD3d 754, 756 [2d Dept 2018]). Cohen Media argues that it is entitled to dismissal by summary judgment on the ground that it owed no duty to plaintiff because it does not own, lease, control or supervise the subject premises. However, dismissal is not appropriate as this matter is still at its earliest stages and plaintiff has not had an opportunity to conduct discovery (*see Pineda v 525 SMA Owner LLC*, 216 AD3d 475, 476 [1st Dept 2023] [denial of summary judgment motion as premature was proper where little discovery was conducted and motion relied on affidavit of individual who had not yet been deposed]; *Curry v Hundreds of Hats, Inc.*, 146 AD3d 593, 594 [1st Dept 2017] [trial court erred in granting summary judgment before completion of discovery, plaintiff was entitled to establish the precise relationship among the various entities involved]; *Mason v City of New York*, 121 AD3d 468, 468 [1st Dept 2014] [motion for summary judgment is premature when the issues raised therein require further discovery, which have not yet been completed]). Therefore, Cohen Media's motion for dismissal of the plaintiff's verified complaint is denied in its entirety.

Accordingly, it is

159482/2024 ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC Page 7 of 8
Motion No. 002

7 of 8

ORDERED that Cohen Media's motion to dismiss the verified complaint pursuant to CPLR 3211 (a) (1) and (7) as well as CPLR 3212 is denied; and it is further

ORDERED that Cohen Media shall file and serve an answer within thirty days of the date of this Order; and it is further

ORDERED that plaintiff's cross-motion for discovery is granted.

This constitutes the decision and order of this Court.

| 6/23/2025 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | | James d'Auguste, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
|------------|-----------------|---|-------------------------|---|
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | X OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159482/2024   ALBERICCI, CHRISTINE vs. COHEN MEDIA GROUP LLC**
**Motion No. 002**

Page 8 of 8